UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
SHERRY FANELLI,

                            Plaintiff,                          **COMPLAINT**

             -against-

THE CITY OF NEW YORK, DETECTIVE GEORGE      **<u>PLAINTIFF DEMANDS</u>**
GOULART & JOHN DOE POLICE OFFICERS #1-2      **<u>A TRIAL BY JURY</u>**

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiff, by her attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants, respectfully alleges, upon information and belief:

### <u>PRELIMINARY STATEMENT</u>

    1.    Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et. seq.* for an incident of police misconduct and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, that transpired on or about May 8, 2012 when police officers employed by the CITY OF NEW YORK wrongfully detained, arrested and falsely imprisoned Plaintiff SHERRY FANELLI and further maliciously prosecuted Plaintiff in Bronx County, New York.

    2.    On or about May 8, 2012 at approximately 3:15 p.m., while Plaintiff's car was stopped at a red light at approximately the northwest corner of Grand Concourse and East 192nd Street, Bronx County, New York, Plaintiff was pulled over by Defendants DETECTIVE GEORGE GOULART (hereinafter "GOULART") and JOHN DOE POLICE OFFICERS #1-2. Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2 without probable cause.

3.      Upon conducting an illegal search of the car, Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2 found a small plastic container containing Plaintiff's prescription medications.  The container has seven separate compartments, labeled for each day of the week, each containing Plaintiff's medications for the corresponding day.  Plaintiff explained to Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2 that she had several serious medical conditions for which she needed prescription medications and that she had a valid prescription for each drug in the container.

4.      Furthermore, at the time that Plaintiff was stopped by Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2, she was driving to a doctor's appointment and had with her a binder filled with medical records, including valid prescriptions for the medications that Defendants found in her car.  She repeatedly explained to Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2 that if they simply looked through the binder, they would see that she had a valid prescription for each medication that they had found.  Defendants refused to look at Plaintiff's binder and instead arrested her for criminal possession of a controlled substance.

5.      Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2, without probable cause or justification, unlawfully arrested Plaintiff.

6.      Defendants then caused criminal charges to be filed against Plaintiff in Bronx County for Criminal Possession of a Controlled Substance in the Seventh Degree, Docket #2012BX049976, and continued prosecution upon such charges until such charges were ultimately dismissed in Plaintiff's favor on or about January 9, 2013.

7.      Also, as a result of Defendants' actions, Plaintiff was wrongfully imprisoned for several hours, causing Plaintiff physical and emotional distress, humiliation, and embarrassment.

## JURISDICTION AND VENUE

8.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 in that this action arises under 42 U.S.C. §1983, and the First, Fourth, and Fourteenth amendments to the United States Constitution.  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

9.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because Defendant the CITY OF NEW YORK resides in the District. Additionally, all Defendants are subject to personal jurisdiction in this District.

10.      Prior to the commencement of this action, and within ninety days after the claim for malicious prosecution arose, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK on January 28, 2013, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notice of Claim set forth the name and post office address of the Plaintiff and her attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

11.      Over thirty days have elapsed since the service of such Notice of Claim and Defendant THE CITY OF NEW YORK has failed to settle or adjust this matter.

12.      This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES.

13.      At all relevant times, Plaintiff is and was a 51-year-old woman and resident of Dutchess County, New York.

14.      At all times relevant hereto, Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2 acted in their official capacities, and were employees, agents, or servants of the Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983.

15.      Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2 are employees acting within the scope of their employment as officers of the New York City Police Department.

16.      THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York.  At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

## AS AND FOR A FIRST CLAIM PURUSANT TO 42 U.S.C. § 1983 BY PLAINTIFF
## AGAINST DEFENDANTS DETECTIVE GEORGE GOULART
## AND JOHN DOE POLICE OFFICERS #1-2

17.      Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

18.      Defendants DETECTIVE GEORGE GOULART and JOHN DOE POLICE OFFICERS #1-2, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff.  Defendants physically and forcibly detained and handcuffed Plaintiff, held her under

arrest and caused a criminal charge to be filed against her.  The charge was ultimately dismissed by the New York City Criminal Court, Bronx County on January 9, 2013.

19.    As a result of the foregoing, Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq.*, deprived Plaintiff of rights secured by the Constitution and laws of the United States, including those rights protected by the Fourth and Fourteenth Amendments, her right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

20.    As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional and psychological pain and was otherwise injured.

21.    As a result of the foregoing, Plaintiff SHERRY FANELLI demands monetary damages against Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2 and is further seeking punitive damages against Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2 in an amount to be determined by jury.

### AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. §1983 BY PLAINTIFF AGAINST DEFENDANTS DETECTIVE GEORGE GOULART AND JOHN DOE POLICE OFFICERS #1-2

22.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if more fully set forth herein.

23.    Defendants DETECTIVE GEORGE GOULART and JOHN DOE POLICE OFFICERS #1-2, acting intentionally, maliciously and without justification or probable cause, caused criminal charges to be filed against Plaintiff for Criminal Possession of a Controlled

Substance in the Seventh Degree, which were ultimately dismissed by the Bronx County Criminal Court on or about January 9, 2013.

24.     As a result of the foregoing, Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq,* and deprived Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York including those rights protected by the Fourth and Fourteenth Amendments, her right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

25.     As a result of the foregoing, Plaintiff SHERRY FANELLI was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

26.     As a result of the foregoing, Plaintiff SHERRY FANELLI demands monetary damages against Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2 and is further seeking punitive damages against Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2 in an amount to be determined by jury.

## AS AND FOR A THIRD CLAIM OF MALICIOUS PROSECUTION

## AGAINST ALL DEFENDANTS

27.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

28.     Defendants, acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument or otherwise brought criminal charges against

Plaintiff, who was criminally prosecuted therefore until such prosecution was terminated in her favor on or about January 9, 2013.

29.     As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, lost time from her employment and was otherwise injured.

30.     As a result of the foregoing, Plaintiff SHERRY FANELLI demands monetary damages against Defendants GOULART, JOHN DOE POLICE OFFICERS #1-2 and the CITY OF NEW YORK and is further seeking punitive damages against Defendants GOULART and JOHN DOE POLICE OFFICERS #1-2 in an amount to be determined by jury.


**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

      a.    Compensatory damages;

      b.    Punitive damages;

      c.    The convening and empanelling of a jury to consider the merits of the claims herein;

      d.    Cost and interest and attorney's fees;

      e.    Such other and further relief as this court may deem appropriate and equitable.

Dated:   New York, New York
         February 28, 2013

Yours, etc.,


By:


_____
 Carmen S. Giordano (CSG-3927)
Giordano Law Offices
**_Attorney for Plaintiff_**
226 Lenox Avenue
New York, NY 10027
(212) 406-9466